the death penalty. *See* 18 U.S.C. § 3598. The Confederated Tribes of the Colville Reservation has not elected to make the death penalty available for first degree murder on the Colville Reservation. Thus, capital punishment has been clearly eliminated for the crime for which Gallaher was indicted. Because Gallaher has not been indicted for an "offense punishable by death," *see* 18 U.S.C. § 3281, the five-year statute of limitations applies, *see* 18 U.S.C. § 3282.

The majority relies on the line of cases following *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), but *Furman* did not involve interpreting an Act of Congress, like the Federal Death Penalty Act, delegating to another government the decision of whether to invoke the death penalty. The majority's interpretation does not give full scope to that delegation. For this reason, I would reverse the district court's order denying Gallaher's motion to dismiss the superseding indictment.

I respectfully dissent.

Before STEPHEN REINHARDT, DIARMUID F. O'SCANNLAIN and RICHARD A. PAEZ, Circuit Judges.

### ORDER

We have reviewed the briefs filed by the parties following the Supreme Court's issuance of its opinion dated November 16, 2009 in *Wong v. Belmontes*. In light of that opinion, we are compelled to affirm the district court's order denying the writ of habeas corpus.

AFFIRMED.

Fernando BELMONTES, Petitioner–
Appellant,

v.

Robert WONG, for the California
State Prison at San Quentin,
Respondent–Appellee.

No. 01–99018.

United States Court of Appeals,
Ninth Circuit.

June 16, 2010.

Eric S. Multhaup, Mill Valley, CA, Christopher H. Wing, Sacramento, CA, for Petitioner–Appellant.

James M. HARRISON, Petitioner–
Appellant,

v.

Douglas GILLESPIE, Respondent–
Appellee.

No. 08–16602.

United States Court of Appeals,
Ninth Circuit.

June 18, 2010.

Jonell Thomas, Bret O. Whipple, Esquire, Scott L. Bindrup, Esquire, David M. Schieck, Esquire, Law Office of Bret Whipple, Las Vegas, NV, for Petitioner–Appellant.